UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

YANG YANG,

    Plaintiff,

v.

BUFFALO RANCH HOMEOWNERS ASSOCIATION, *et al.*,

    Defendants.

Case No. 2:15-cv-01246-LDG (NJK)

<u>ORDER</u>

    The plaintiff, Yang Yang, purchased a house in November 2013. Yang, however, continued to reside at a different location. He alleges that the address of the house where he resided was identified as his mailing address in the purchase documents. Defendant Buffalo Ranch Homeowners Association, through its agent defendant Absolute Collections Services, subsequently foreclosed on the newly-bought property because Yang was delinquent on that property's homeowner's association assessments. Yang alleges these defendants never attempted to locate or serve him at his *residence*.

    Defendant Saticoy Bay purchased the home at the foreclosure sale and subsequently sold the property to defendant Nattinan Wandeevong.

Yang brought this action, alleging state claims for quiet title and unjust enrichment against all defendants, state claims for wrongful foreclosure and negligence against Buffalo Ranch and Absolute Collections, and a federal claim for violations of the Fair Debt Collection Practices Act brought solely against Absolute Collection.

Presently before the Court are:

1) Yang's Motion to Show Cause Why a Prejudgment Writ of Attachment Should Not Issue Against Saticoy Bay (ECF No. 22);
2) Saticoy Bay's Motion for Summary Judgment (ECF No. 24);
3) Saticoy Bay's Motion to Dismiss Amended Complaint (ECF No. 42);
4) Buffalo Ranch's Motion to Dismiss Amended Complaint (ECF No. 66);
5) Saticoy Bay's Second Motion for Summary Judgment (ECF No. 68); and
6) Wangdeevong's Motion for Summary Judgment (ECF No. 86).

Motion to Dismiss

Saticoy Bay argues that this Court should not exercise supplemental jurisdiction over Yang's state law claims as those claims do not arise from the same transaction or occurrence as Yang's federal debt collection claim against Absolute Collections. Alternatively, even if the Court determines the state and federal claims arise from the same transaction or occurrence, Saticoy Bay asks that the Court exercise its discretion to decline to exercise supplemental jurisdiction in this case. Buffalo Ranch and Wangdeevong have joined Saticoy Bay in its motion.

Supplemental jurisdiction allows federal courts to hear and decide state claims along with federal claims when they "are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." 28 U.S.C. §1367(a). As a general rule, supplemental jurisdiction extends over state claims brought against a party even when that party was not subject to the federal claims primarily at issue. In

2

*Executive Software North America, Inc. v.. U.S. Dist. Ct.*, 24 F.3d 1545, 1552 (9th Cir. 1994), the Court of Appeals recognized that the Supreme Court has broadly authorized the federal courts to assert jurisdiction over state law claims when "the state and federal claims . . . derive from a common nucleus of operative fact," the claims are such that a plaintiff "would ordinarily be expected to try them all in one judicial proceeding," and the federal issues are "substantial." Nevertheless, "district courts may decline to exercise supplemental jurisdiction over a claim . . . if – (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." 28 U.S.C. §1367(c).

Yang argues, in opposing the motion to dismiss, that his "allegations stem from one property and one illegal HOA foreclosure to collect a debt as defined by the FDCPA without providing necessary notification. If ACS had followed the strict notice requirements under the FDCPA, Yang's house would not have been foreclosed upon." Thus, he concludes, the claims are so related as to form part of the same case or controversy. The balance of Yang's opposition, however, is devoted almost solely to arguing that his claims "arise out of defendants' illegal homeowner's association foreclosure." At most, he summarily asserts his state claims arise "out of the wrongful foreclosure and collection tactics" without elaborating how the claims arise from the collection tactics underlying his sole federal claim.

The Court would further note that Yang's motion for summary judgment (rather than partial summary judgment) is devoted solely to his state law claims. Entirely absent from the motion is any argument regarding his federal claim against Absolute Collections. Yang's own arguments to this Court demonstrate that his state law claims more than substantially predominate over his federal claim, to the point where he has ignored his federal claim in seeking summary judgment. A review of the docket establishes that this litigation almost solely concerns his state law claims, and his allegation of a federal claim

serves as little more than a basis upon which to litigate his state claims before a federal court. Even assuming that the state claims are so related to the federal claim as to form part of the same case or controversy, those state claims more than substantially predominate over the federal claim to the point of being the sole focus of Yang's litigation. Accordingly, the Court will exercise its discretion and decline to exercise supplemental jurisdiction over Yang's state claims against Saticoy Bay, Buffalo Ranch, and Wandeevong. Accordingly,

THE COURT **ORDERS** that all motions previously denied for administrative and statistical purposes are reinstated;

THE COURT FURTHER **ORDERS** that Saticoy Bay's Motion to Dismiss Amended Complaint (ECF No. 42), which was joined by Buffalo Ranch Homeowner's Association (ECF No. 44) and Nattinan Wandeevong (ECF No. 53) is GRANTED; Yang Yang's Amended Complaint is DISMISSED, without prejudice, as against these defendants.

THE COURT FURTHER **ORDERS** that Yang Yang's Motion to Show Cause (ECF No. 22) and Motion for Summary Judgment (ECF No. 59) are DENIED as moot.

THE COURT FURTHER **ORDERS** that Saticoy Bay's Motion for Summary Judgment (ECF No. 24) and Second Motion for Summary Judgment (ECF No. 68) are DENIED as moot.

THE COURT FURTHER **ORDERS** that Buffalo Ranch Homeowner's Association's Motion for Summary Judgment (ECF No. 66) is DENIED as moot.

THE COURT FURTHER **ORDERS** that Nattinan Wandeevong's Motion for Summary Judgment (ECF No. 86) is DENIED as moot.

DATED this 5 day of July, 2018.

Lloyd D. George
United States District Judge